therefore dissent.

S97Y0574, S97Y0615, S97Y0616, S97Y0617, S97Y0618, S97Y0619, S97Y0620. IN THE MATTER OF LEROY W. ROBINSON, JR.
(482 SE2d 323)

PER CURIAM.

The State Bar of Georgia brought a petition for the emergency suspension of Leroy W. Robinson, Jr., and filed six Notices of Discipline against him seeking disbarment based on six client grievances.[1] Robinson consents to an emergency suspension, and, in response to the Notices of Discipline, filed a Petition for Voluntary Surrender of his License, admitting that in each of the cases set forth in the Notices against him he violated Standard 44 of Bar Rule 4-102, in that he abandoned the legal matters of each of those clients. We have reviewed the records in each of these cases and conclude that Robinson violated the following professional standards in addition to his admitted violation of Standard 44: Standard 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); Standard 22 (failure, on withdrawal from employment, to obtain permission from the appropriate tribunal, if required, and failure to take reasonable steps to avoid foreseeable prejudice to the rights of clients); Standard 23 (failure on withdrawal from employment to promptly refund unearned fees); Standard 45 (making a false statement of law or fact in the representation of a client); and Standard 68

---

[1] The Office of General Counsel acting at the direction of the Investigative Panel pursuant to Bar Rules 4-105 and 4-219 (d), petitioned this Court to appoint a receiver to take charge of Robinson's files. On December 20, 1996, this Court, finding that Robinson had disappeared from his office and home in December 1996, and that his disappearance posed a substantial threat of harm to his clients, appointed co-receivers to take charge of Robinson's attorney files and records and to take action necessary to protect the clients and the public.

(failure to respond to disciplinary authorities).[2]

We accept Robinson's petition for voluntary surrender, which, as he acknowledges, is tantamount to disbarment. See Bar Rule 4-110 (f). In so doing, we note the following factors which warrant the imposition of the sanction of disbarment against Robinson: the prior disciplinary offense involving this Court's suspending Robinson pursuant to Bar Rule 4-204.3; the pattern of Robinson's misconduct and the multiple offenses involved; Robinson's bad faith obstruction of the disciplinary process by failing to comply with disciplinary rules and cooperate with disciplinary authorities; Robinson's refusal to acknowledge his wrongful conduct; Robinson's substantial experience in the practice of law;[3] and his indifference to making restitution. See Standard 9.22 (a); (c); (d); (e); (g); (I); (j), ABA Standards for Imposing Lawyer Sanctions (1991).

Because we accept Robinson's petition for the voluntary surrender of his license, the State Bar's Petition for Emergency Suspension, and Robinson's consent thereto, are moot. Accordingly, the name of Leroy W. Robinson is hereby removed from the rolls of persons entitled to practice law in the State of Georgia. Robinson is reminded to protect the interests of his clients and to comply with all the requirements of Bar Rule 4-219 (c) (1) and (2).

*Petition for voluntary surrender of license accepted. All the Justices concur.*

DECIDED MARCH 17, 1997.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[2] By failing to file a rejection to the Notices against him, Robinson is in default under Bar Rule 4-208.1 (b). The conduct Robinson has admitted by virtue of his default includes the following: He agreed to represent his clients; received payment from those clients; did little or no work for the clients; failed to appear at hearings on behalf of the clients; made false statements to his clients regarding the status of their cases; failed to respond to calls and letters from his clients about the status of their cases; refused and failed to refund any portion of the fee paid by his clients; failed to withdraw as his client's attorney as required by the appropriate tribunal; and failed to respond in any way to disciplinary authorities until this Court suspended him pursuant to Bar Rule 4-204.3 (d) (3) on October 11, 1996. This Court lifted the suspension on October 21, 1996, after Robinson filed an answer to the Notice of Investigations.

[3] Robinson was admitted to the State Bar of Georgia in 1973.